ROBERT B. KEGERREIS, Respondent, v. EDWARD S. VAN ZILE, Appellant.

First Department, December 7, 1917.

Slander — words alleged to charge crime of treason — words to be actionable must be slanderous per se — treason defined — treason by combination to prevent by force the execution of public law — when slander question for jury.

Where the plaintiff in an action for slander alleges no special damage and the words used were not spoken of and concerning him in reference to his trade or profession, they are actionable only if they are slanderous per se by imputing criminality to the plaintiff.

The court may take judicial notice of the fact that in February, 1916, the United States were at peace with all the world and had no declared enemies.

Words spoken of and concerning the plaintiff at the date aforesaid could not have been intended to charge the plaintiff with treason by adhering to any enemies of the United States or by giving such enemies aid and comfort within the definition of treason contained in the Federal Constitution.

However, it is possible to commit treason against the United States even when no state of war exists between them and a foreign power. The words " levying war against " the United States, as used in the Constitution, are not confined to the act of waging a formal and declared war, but also include forcible opposition, as the result of a combination of individuals to the execution of any public law of the United States. To constitute treason in the latter sense there must be a combination of individuals united for the common purpose of forcibly preventing the execution of some public law of the United States and also the actual use or threatened use of force by such combination to prevent such execution of the law.

A mere combination or conspiracy to overturn a public law, if unaccompanied with the use or display of force by an actual assemblage of the individuals

intent upon the prevention of the execution of the law, will not constitute the crime of treason.

Slanderous words examined, and *held,* that it may be a question for the jury to determine upon evidence which may be laid before them whether the charge was so made as to induce the belief that the defendant was charging the plaintiff with committing treason by levying war upon the United States, and that the jury should also determine the sense in which the words were understood by those who heard them.

In order that such words may be slanderous the jury must find that the defendant intended to charge the plaintiff, and that the bystanders understood him to charge, that plaintiff had committed treason in the strict legal sense, that is, that he had been guilty of acts which would justify his indictment for and conviction of the crime of treason.

APPEAL by the defendant, Edward S. Van Zile, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of August, 1917, denying his motion for judgment on the pleadings consisting of a complaint and the second amended answer thereto.

*Aaron C. Thayer,* for the appellant.

*Abraham M. Grill,* for the respondent.

SCOTT, J.:

The action is for slander in that defendant, on two occasions in the month of February, 1916, spoke words to and concerning the plaintiff which in effect charged him with the crime of treason towards the United States. This is the effect attributed by the innuendoes to the words spoken.

The defendant after service of an amended answer moves for judgment for general insufficiency, and in support of his demurrer argues that in the condition of affairs which existed at the time the words were spoken the plaintiff could not have been guilty of the crime of treason, and that no one who heard the words could have believed that they charged plaintiff with the crime of treason to the United States, or with any other crime. No special damage is alleged and the words used are not alleged to have been spoken of and concerning plaintiff in reference to his trade or profession. If actionable, therefore, it must be because they were slanderous *per se* in imputing criminality to the plaintiff.

The crime of treason is defined by the Constitution of the

United States (Art. 3, § 3) as consisting only " in levying war against them [the United States], or, in adhering to their enemies, giving them aid and comfort."

· It is a matter of common knowledge of which we may take judicial notice that in February, 1916, the United States was at peace with all the world and had no declared enemies. The defendant could not have, therefore, intended to charge the plaintiff with adhering to any enemies of the United States, or of giving such enemies aid and comfort, nor could the bystanders who heard the words spoken have understood that the defendant intended so to have charged the plaintiff. It is possible, however, to commit treason against the United States even when no state of war exists between them and a foreign power.

The words "levying war against" the United States, as used in the Federal Constitution, are not confined to the act of waging a formal and declared war, but also include forcible opposition, as the result of a combination of individuals, to the execution of any public law of the United States. To constitute treason within this definition of the phrase " levying war " there must be combination of individuals united for the common purpose of forcibly preventing the execution of some public law of the United States, and also the actual use or threatened use of force by such combination to prevent such execution of the law. A mere combination or conspiracy to overturn a public law, if unaccompanied with the use or display of force by an actual assemblage of the individuals intent upon the prevention of the execution of the law, will not constitute the crime of treason.

It is, of course, most improbable that defendant intended to charge plaintiff with an overt act of treason within the foregoing definition, or that the bystanders so understood him, but it is not impossible and it will be for the jury to determine when the evidence of the surrounding circumstances be laid before them whether the charge was so made as to induce the belief that defendant was charging plaintiff with committing treason by levying war upon the United States. The point to be determined is the sense in which the words were understood by those who heard them. (*Kennedy* v. *Gifford,* **19** Wend. 296; *Warner* v. *Southall,* 165 N. Y. 498.)

It is doubtless true that the words " treason " and " treason-able " are frequently used loosely and without reference to the legal definition of the crime of treason, and it is quite probable that the words complained of were used by defendant and understood by the bystanders in this sense. If this be found to be the fact the words will not have been shown to be slanderous *per se*. To justify a verdict for the plaintiff it will be necessary for the jury to find that the defendant intended to charge plaintiff, and that the bystanders understood him to charge that plaintiff had committed treason in the strict legal sense, that is, that he had been guilty of acts which would justify his indictment for and conviction of the crime of treason. If this was not the charge as made and understood no crime was imputed by the words used, and they were not slanderous.

It follows that the order appealed from must be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.